**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HOANG MINH TRAN, | ) NO. CV 10-07740 CJC (SS) |
| Plaintiff, | ) |
| | ) **MEMORANDUM AND ORDER DISMISSING** |
| v. | ) |
| | ) **SECOND AMENDED COMPLAINT WITH** |
| J. HAAR, ET AL., | ) |
| | ) **LEAVE TO AMEND** |
| Defendants. | ) |

**I.**

**INTRODUCTION**

On October 25, 2010, plaintiff Hoang Minh Tran ("Plaintiff"), a California state prisoner proceeding pro se, filed a Civil Rights Complaint pursuant to 42 U.S.C. § 1983. On February 14, 2011, the Court dismissed the Complaint with leave to amend due to various deficiencies in pleading.[1] On March 23, 2011, Plaintiff filed a First Amended Complaint. On May 6, 2011, the Court dismissed the First Amended

---

[1] Magistrate judges may dismiss a complaint with leave to amend without approval of the district judge. McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

Complaint with leave to amend due to deficiencies in pleading. On June 21, 2011, Plaintiff filed a Second Amended Complaint (the "Second Amended Complaint" or "SAC").[2] For the reasons stated below, the Second Amended Complaint is dismissed with leave to amend.

Congress mandates that district courts perform an initial screening of complaints in civil actions where a prisoner seeks redress from a governmental entity or employee. 28 U.S.C. § 1915A(a). This Court may dismiss such a complaint, or any portions thereof, before service of process if it concludes that the complaint (1) is frivolous or malicious, (2) fails to state a claim upon which relief can be granted, or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1-2); see also Lopez v. Smith, 203 F.3d 1122, 1126-27 & n.7 (9th Cir. 2000) (en banc).

**II.**

**ALLEGATIONS OF THE SECOND AMENDED COMPLAINT**

Plaintiff alleges that the following four defendants violated his civil rights: (1) medical doctor J. Haar ("Dr. Haar"); (2) correctional officer Glaviz Doe ("Officer Glaviz");[3] (3) acting sergeant Floerky Doe ("Sergeant Floerky"); and (4) medical doctor M. Viggianelli ("Dr.

---

[2] The Court will cite to the Second Amended Complaint and its accompanying exhibits as though they formed a single, consecutively paginated document.

[3] The Court notes that Plaintiff's naming of "Glaviz Doe" as a defendant may reflect a misspelling of the last name of Correctional Officer M.H. Galaviz. (See SAC Exh. C at 19). The Court will nonetheless continue to refer to the named defendant as "Officer Glaviz" as set forth in the Second Amended Complaint.

Viggianelli") (collectively, "Defendants"). (SAC at 3-4). Plaintiff sues all Defendants in their individual capacities. (Id.).

While Plaintiff's claims are confusing, they appear to focus primarily on allegations of deliberate indifference to medical needs and denial of access to the courts. (See SAC at 5-10). In Claim One, Plaintiff alleges that Dr. Haar and Dr. Viggianelli were deliberately indifferent to his medical needs following his hernia operation. (Id. at 5). Specifically, Plaintiff alleges that Dr. Haar "deliberatedly [sic] failured [sic] to provide Plaintiff . . . with his Vicodin 500 mg or better medication." (Id. at 5-6). Plaintiff also alleges that after Plaintiff filed a grievance, Dr. Haar retaliated by confiscating Plaintiff's cane, "hernia support binder," and "hearing impairment yellow vest." (Id.). In Claim Three, Plaintiff alleges that Dr. Viggianelli covered up Dr. Haar's misconduct by preparing a false report and also wrongfully denied Plaintiff a prescription for Vicodin. (Id. at 9-10).

In Claim Two, Plaintiff appears to allege that Officer Glaviz denied him access to the courts by ordering him to leave the prison law library. (SAC at 7). Plaintiff further alleges that in ejecting Plaintiff from the law library, Officer Glaviz engaged in "[v]erbal harassment and physical threaten maner [sic], including manhandling with the use of excessive force." (Id. at 3). Plaintiff also alleges that following this incident, Officer Glaviz filed a false "write-up a minor CDC&R rule violation called 128B chrono to punished [sic] [Plaintiff] for disciplinary [sic] in which could cost [Plaintiff] to lose his A1A privilege of prisoner daily life movement." (Id. at 7). Plaintiff

alleges that Officer Floersky is liable because he "did not intervened [sic] or assisted [Plaintiff in the library], although [Plaintiff] clearly explaining [sic] the mistaken situation, verbally complaining about his subordinates officer [sic] of abuse his authority power." (Id. at 8).

Plaintiff seeks $150,000.00 in compensatory damages, $350,00.00 in general damages, and $50,000.00 in special damages. (Id. at 11). Plaintiff also requests injunctive relief, asking the Court to "enjoin the Defendants, as well as their successors, from engaging in any future conduct related to this civil action . . . ." (Id.).

## III.
## DISCUSSION

Under 28 U.S.C. § 1915A(b), the Court must dismiss Plaintiff's Second Amended Complaint due to defects in pleading. Pro se litigants in civil rights cases, however, must be given leave to amend their complaints unless it is absolutely clear that the deficiencies cannot be cured by amendment. See Lopez, 203 F.3d at 1128-29. Accordingly, the Court grants Plaintiff leave to amend, as indicated below.

**A.   Plaintiff's Claims For Denial Of Access To The Courts Must Be Dismissed For Failure To State A Claim**

The claims in the Second Amended Complaint against Officer Glaviz and Sergeant Floerky alleging that Plaintiff was denied access to the law library fail to state a claim. (SAC at 3, 7-8). As the Court

4

1  instructed Plaintiff in dismissing his original Complaint and First
2  Amended Complaint, a prisoner does not have a "freestanding right" to
3  a law library or legal assistance. Hebbe v. Pliler, 627 F.3d 338, 342
4  (9th Cir. 2010) (citing Lewis v. Casey, 518 U.S. 343, 351, 116 S. Ct.
5  2174, 135 L. Ed. 2d 606 (1996)).  Law library access is relevant only
6  as it pertains to a prisoner's right to have a "reasonably adequate
7  opportunity to present claimed violations of constitutional rights to
8  the courts." Lewis, 518 at 350-51.  To state a valid claim for denial
9  of access to the courts, a plaintiff must allege an "actual injury."
10 Hebbe, 627 F.3d at 342.  To establish actual injury, the inmate must
11 demonstrate that official acts or omissions "hindered his efforts to
12 pursue a legal claim."  (Id.) (internal quotation marks omitted).
13
14      Plaintiff's allegations still do not show an "actual injury."  At
15 most, the Second Amended Complaint describes a single incident when the
16 officers ordered Plaintiff to leave the library because he did not have
17 a pass and it was not his designated quad's time for library access.
18 (See SAC at 7-8; see also id. Exh. C at 1).  Although Plaintiff alleged
19 that he "suffered a high-intense emotional anxiety attack in his cell
20 later that evening," (id. at 7), he does not allege that he was unable
21 to present his claims to the court due to the officers' actions.
22 Therefore, Plaintiff has not alleged an "actual injury" and this claim
23 must be dismissed.  Plaintiff is strongly advised to omit claims against
24 any defendant in any future complaint for which Plaintiff cannot allege
25 a factual basis for liability.
26 \\
27 \\
28 \\

B.   **Plaintiff's Claim Against Officer Glaviz For Verbal Harassment And Excessive Force Must Be Dismissed For Failure To State A Claim**

It is unclear from the Second Amended Complaint whether Plaintiff is attempting to state a separate claim against Officer Glaviz for "verbal harassment" and "excessive force." (SAC at 3). To the extent that Plaintiff is attempting to allege a cause of action based on the manner in which he was ejected from the law library, however, these allegations fail to state a claim. (SAC at 3, 7). Verbal harassment or abuse, without more, is insufficient to state a constitutional violation under Section 1983. Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987). Even when a plaintiff alleges the threats were used to deny access to the courts, like the allegations here, threats alone are insufficient to state a section 1983 claim. Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (per curiam).

Plaintiff alleges that Officer Glaviz's conduct included "[v]erbal harassment and physical threaten maner [sic]." (SAC at 3). Plaintiff specifically alleges that Officer Glaviz threatened Plaintiff by saying "get up! and get out here now! and if you don't, I will man-handle you out and back to your cell!" (Id. at 7). Plaintiff did not allege any other conduct by Officer Glaviz beyond that threat. (See id. at 7-8). Because Plaintiff's allegations do not establish more than verbal harassment or threats, he has failed to state a claim. Therefore, any claim of excessive force based on Officer Glaviz's alleged verbal abuse must be dismissed.

## C. The Second Amended Complaint Does Not State A Claim For Deliberate Indifference To Medical Needs

A defendant is liable for the denial or delay of medical care for a prisoner's serious medical needs only when the defendant is deliberately indifferent to the prisoner's known serious medical needs. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). The defendant must have "purposefully ignore[d] or fail[ed] to respond to a prisoner's pain or possible medical needs in order for deliberate indifference to be established." May v. Baldwin, 109 F.3d 557, 566 (9th Cir. 1997) (internal quotation marks omitted). "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Or. State Welfare Div., 662 F.2d 1337, 1344 (9th Cir. 1981).

Plaintiff's claims against Dr. Haar and Dr. Viggianelli (collectively, the "Physician Defendants") for deliberate indifference contain inconsistent factual allegations. Plaintiff alleges that the Physician Defendants "denied Plaintiff Tran of his assaulted [sic] post-operative hernia injured pains medicine (Vicodin 500 mg or better) from 4/6/2010 to 12/1/2010." (SAC at 5). This allegation seems to suggest that the Physician Defendants wrongfully withheld already prescribed medication to treat pain from Plaintiff's surgery. However, Plaintiff also alleges that he "continue[d] pleading for Dr. Viggianelli to . . . prescribe Vicodin 500 MG or better to help [Plaintiff] alleviate the ongoing hernia harsh painful agonized [sic]." (Id. at 9). Similarly, in a "Health Care Appeal Form" attached to the Second Amended Complaint, Plaintiff stated that while physicians "had ordering [sic]

7

Ibupropen 500 MG," he was "requesting Dr. Haar to upgrade his medication back to Vicodin." (Id. Exh. A at 1). These allegations suggest that Plaintiff received pain medicine, but the Physician Defendants did not grant his request for the painkiller of his choice.

To the extent that Plaintiff is alleging that the Physician Defendants were deliberately indifferent to his medical needs because they administered Ibupropen instead of Vicodin, the Second Amended Complaint simply reflects a difference of opinion between Plaintiff and the Physician Defendants regarding the type of post-operative care Plaintiff needed. It therefore fails to state a claim for deliberate indifference to medical needs and must be dismissed.

**D.    The Second Amended Complaint Fails To Satisfy Federal Rule of Civil Procedure 8**

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Rule 8(e)(1) instructs that "[e]ach averment of a pleading shall be simple, concise, and direct." A complaint violates Rule 8 if a defendant would have difficulty understanding and responding to the complaint. Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc., 637 F.3d 1047, 1059 (9th Cir. 2011).

1    The Second Amended Complaint does not comply with the standards of
2 Rule 8.  It is unclear whether Plaintiff is attempting to state claims
3 in addition to deliberate indifference to medical needs and the denial
4 of access to the courts.  For example, Plaintiff alleges that Dr. Haar
5 confiscated Plaintiff's cane, "hernia support binder," and "hearing
6 impairment yellow vest" in retaliation for Plaintiff's filing of an
7 administrative grievance.  (SAC at 6).  However, the Court cannot
8 determine if Plaintiff is attempting to state a separate retaliation
9 claim against Dr. Haar apart from his deliberate indifference claim.
10 Similarly, Plaintiff alleges that even though Dr. Viggianelli
11 acknowledged that Plaintiff was in pain following his surgery, he
12 "intentionally disregarding [sic] to that finding and arbitrary to cover
13 up the unlawful conduct for his fellow Doctor J. Haar by concluded [sic]
14 in his report 'Patient has had multiple exams and does not have any
15 mobility impairment.'"  (Id. at 9).  It is unclear whether Plaintiff is
16 attempting to state a separate claim against Dr. Viggianelli for filing
17 a false report apart from his deliberate indifference claim, or even
18 what the "report" Plaintiff refers to was used for.  It is also unclear
19 whether Plaintiff is attempting to state a separate claim against
20 Officer Glaviz for filing a false report.  (Id. at 7).  Additionally,
21 as discussed earlier, it is unclear whether Plaintiff is attempting to
22 state a claim for excessive force against Officer Glaviz.

24    Furthermore, certain allegations in the Second Amended Complaint
25 are completely incomprehensible and thus do not give Defendants fair
26 notice of the claims as required by Rule 8.  For example, Plaintiff
27 states that "[Dr. Haar] have to hold accountable for his
28 unconstitutional act that he deliberatedly [sic] inflicting upon

9

[Plaintiff] on numerous of 'sick-call' priority ducat doctor-prisoner appointments, in despited [sic] to [Plaintiff]'s verbally pleading for his professional medical help." (SAC at 5). The Court cannot decipher what acts Plaintiff alleges Dr. Haar committed or why Plaintiff believes these acts constitute the basis of a civil rights claim. (Id.).

In sum, Plaintiff's vague claims fail to clearly identify the specific ground for each of Plaintiff's claims and the incident giving rise to those claims. The Second Amended Complaint therefore fails to provide Defendants with fair notice of the claims in a short, clear and concise statement. See Twombly, 550 U.S. at 555. Accordingly, the Second Amended Complaint is dismissed with leave to amend.

### IV.

### CONCLUSION

For the reasons stated above, Plaintiff's Second Amended Complaint is dismissed with leave to amend. If Plaintiff still wishes to pursue this action, he is granted **thirty (30) days** from the date of this Memorandum and Order within which to file a Third Amended Complaint. In any amended complaint, the Plaintiff shall cure the defects described above. The Third Amended Complaint, if any, shall be complete in itself and shall bear both the designation "Third Amended Complaint" and the case number assigned to this action. It shall not refer in any manner to any previously filed complaint in this matter.

In any amended complaint, Plaintiff should confine his allegations to those operative facts supporting each of his claims. Plaintiff is

1  advised that pursuant to Federal Rule of Civil Procedure 8(a), all that
2  is required is a "short and plain statement of the claim showing that
3  the pleader is entitled to relief." **Plaintiff is strongly encouraged**
4  **to utilize the standard civil rights complaint form when filing any**
5  **amended complaint, <u>a copy of which is attached</u>**.  In any amended
6  complaint, Plaintiff should make clear what specific factual allegations
7  give rise his claims.  Plaintiff is strongly encouraged to keep his
8  statements concise and to omit irrelevant details.  It is not necessary
9  for Plaintiff to cite case law or include legal argument.
10
11       **Plaintiff is explicitly cautioned that failure to timely file a**
12  **Third Amended Complaint, or failure to correct the deficiencies**
13  **described above, will result in a recommendation that this action be**
14  **dismissed with prejudice for failure to prosecute and obey Court orders**
15  **pursuant to Federal Rule of Civil Procedure 41(b)**.  **<u>Plaintiff is further</u>**
16  **<u>advised that if he no longer wishes to pursue this action, he may</u>**
17  **<u>voluntarily dismiss it by filing a Notice of Dismissal in accordance</u>**
18  **<u>with Federal Rule of Civil Procedure 41(a)(1)</u>**.  **<u>A form Notice of</u>**
19  **<u>Dismissal is attached for Plaintiff's convenience</u>**.
20
21  DATED: August 19, 2011
22
                                    _____/S/_____
23                                  SUZANNE H. SEGAL
                                    UNITED STATES MAGISTRATE JUDGE
24
25
26
27
28