1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**CENTRAL DISTRICT OF CALIFORNIA**

10
11

HOANG MINH TRAN,                    )   NO. CV 10-07740 CJC (SS)
                                    )
12                                  )
                 Plaintiff,         )
13                                  )   **MEMORANDUM AND ORDER DISMISSING**
          v.                        )
14                                  )   **THIRD AMENDED COMPLAINT WITH LEAVE**
J. HAAR, ET AL.,                    )
15                                  )   **TO AMEND**
                 Defendants.        )
16 _____ )

17
18                              **I.**

19                         **INTRODUCTION**

20

21       On October 25, 2010, plaintiff Hoang Minh Tran ("Plaintiff"), a
22  California state prisoner proceeding <u>pro se</u>, filed a Civil Rights
23  Complaint pursuant to 42 U.S.C. § 1983.  On February 14, 2011, the Court
24  dismissed the Complaint with leave to amend due to various deficiencies
25  in pleading.[1]  On March 23, 2011, Plaintiff filed a First Amended
26  Complaint.  On May 6, 2011, the Court dismissed the First Amended

27  _____

28       [1]  Magistrate judges may dismiss a complaint with leave to amend
     without approval of the district judge.  <u>McKeever v. Block</u>, 932 F.2d
     795, 798 (9th Cir. 1991).

1  Complaint with leave to amend due to deficiencies in pleading.  On June
2  21, 2011, Plaintiff filed a Second Amended Complaint.  On August 19,
3  2011, the Court dismissed the Second Amended Complaint with leave to
4  amend due to deficiencies in pleading.  On September 20, 2011, Plaintiff
5  filed a Third Amended Complaint (the "Third Amended Complaint" or
6  "TAC").[2]  Because the Third Amended Complaint also suffers from pleading
7  deficiencies, it too must be dismissed with leave to amend.

8

9      Congress mandates that district courts perform an initial screening
10  of complaints in civil actions where a prisoner seeks redress from a
11  governmental entity or employee.  28 U.S.C. § 1915A(a).  This Court may
12  dismiss such a complaint, or any portions thereof, before service of
13  process if it concludes that the complaint (1) is frivolous or
14  malicious, (2) fails to state a claim upon which relief can be granted,
15  or (3) seeks monetary relief from a defendant who is immune from such
16  relief.  28 U.S.C. § 1915A(b)(1-2); see also Lopez v. Smith, 203 F.3d
17  1122, 1126-27 & n.7 (9th Cir. 2000) (en banc).
18  \\
19  \\
20  \\
21  \\
22  \\
23  \\
24  \\
25  \\
26  ───────────────
27       [2]  The Court will cite to the Third Amended Complaint and its
28  accompanying exhibits as though they formed a single, consecutively
   paginated document.

2

## II.

## ALLEGATIONS OF THE THIRD AMENDED COMPLAINT

Plaintiff alleges that the following four defendants violated his civil rights: (1) medical doctor J. Haar ("Dr. Haar"); (2) correctional officer Glaviz Doe ("Officer Glaviz");[3] (3) acting sergeant Floerky Doe ("Sergeant Floerky"); and (4) medical doctor M. Viggianelli ("Dr. Viggianelli") (collectively, "Defendants").  (TAC at 3-4).  Plaintiff sues all Defendants in their individual capacities.  (Id.).

While Plaintiff's claims are confusing, they appear to focus primarily on allegations of deliberate indifference to medical needs and denial of access to the courts.  (See id. at 5-16).  In Claim One, Plaintiff alleges that Dr. Haar was deliberately indifferent to his medical needs following his hernia operation.  (Id. at 5-7). Specifically, Plaintiff alleges that Dr. Haar "deliberatedly [sic] indifferenced [sic] to Plaintiff's medical needs by failured [sic] to prescribe for Plaintiff the effective pain-killer medication remedy." (Id. at 7).  Additionally, Plaintiff claims Dr. Haar violated Plaintiff's First and Eighth Amendment rights by failing to properly treat Plaintiff's "assaulted post-operative hernia" injury.  (Id. at 8-9).  Plaintiff asserts that Dr. Haar ignored Plaintiff's painful condition, thereby exposing an "imminent risk to Plaintiff's life, health and well-being in the prison setting for over two hundreds [sic]

---

[3]   The Court notes that Plaintiff's naming of "Glaviz Doe" as a defendant may reflect a misspelling of the last name of Correctional Officer M.H. Galaviz.  (See TAC Exh. D at 28).  The Court will nonetheless continue to refer to the named defendant as "Officer Glaviz" as set forth in the Third Amended Complaint.

days." (Id.).  Plaintiff also claims Dr. Haar failed to "effectively diagnose Plaintiff's hernia . . . causing . . . harsh burning physical pains," and failed to provide "adequate medical right [] care treatment to Plaintiff's serious medication condition." (Id.).

Plaintiff also alleges that after he filed a grievance, Dr. Haar retaliated by revoking Plaintiff's "cell-fed status," and confiscating Plaintiff's cane, "hernia truss strap," and "hearing impairment yellow vest." (Id. at 9).

In Claim Two, Plaintiff alleges that Officer Glaviz and Sergeant Floresky "intentionally deprived Plaintiff's First Amendment right; the right to access the law library and the right to be free from discrimination, retaliation and abusive mistreatment from officers." (Id. at 11).  Plaintiff further alleges that "[Officer] Glaviz unlawful threaten to causing great bodily harm to Plaintiff's body." (Id.). Plaintiff's additional allegations against these defendants are unclear. However, it appears that Plaintiff asserts that Officer Glaviz and Sergeant Floresky conspired to deny Plaintiff access to the law library on August 13, 2010.  (Id. at 12).  Further, Plaintiff claims that following this incident, Officer Glaviz filed a false "128 B-Chrono Report" which could have "cost Plaintiff a serious loss of his A1A privilege benefits." (Id.).  Plaintiff alleges that Officer Glaviz "ignored and failed to respond to Plaintiff's grievance, a direct violation of California Code of Regulation (CRC) Title 15 Section 3084.6 . . . ." (Id. at 13).

\\

\\

4

In Claim Three, Plaintiff alleges that Dr. Viggianelli ignored Plaintiff's medical condition and covered up Dr. Haar's misconduct by preparing a false report. (Id. at 14-15). Specifically, Plaintiff claims Dr. Viggianelli knew the medical condition of Plaintiff, yet failed to adequately treat Plaintiff causing "substantial pains," and "significantly affects Plaintiff's daily activities." (Id. at 14). Further, Plaintiff asserts Dr. Viggianelli "falsify the Disability Placement Program (DPP) medical report to further 'cover-up' for his partner [Dr. Haar's] misconduct by said '[Plaintiff] has had multiple exams and does not have any mobility impairment.'" (Id. at 15).

Plaintiff seeks $150,000.00 in compensatory damages, $350,000.00 in general damages, and $50,000.00 in special damages. (Id. at 17). Plaintiff also requests injunctive relief, asking the Court to "enjoin the Defendants, as well as their successors, from engaging in any future conduct related to this civil action . . . ." (Id.).

### III.
### DISCUSSION

Under 28 U.S.C. § 1915A(b), the Court must dismiss Plaintiff's Third Amended Complaint due to defects in pleading. Pro se litigants in civil rights cases, however, must be given leave to amend their complaints unless it is absolutely clear that the deficiencies cannot be cured by amendment. See Lopez, 203 F.3d at 1128-29. Accordingly, the Court grants Plaintiff leave to amend, as indicated below.

\\

\\

**A.   Plaintiff's Claims Against Dr. Haar and Dr. Viggianelli For Deliberate Indifference To Medical Needs Must Be Dismissed For Failure To State A Claim**

Plaintiff claims that Dr. Haar violated his First and Eighth Amendment rights by failing to effectively diagnose Plaintiff's hernia injury. (TAC at 9). Plaintiff asserts that prior to being admitted to a special medical housing facility, California Men's Colony East ("CMC-E"), Plaintiff was prescribed pain-killer medications, such as Vicodin and Ibuprofen, to address the pain caused by his hernia surgery. (Id. at 6). Plaintiff alleges that upon arriving at CMC-E, Dr. Haar failed to prescribe him Vicodin and decided to change his Ibuprofen prescription to Naproxen. (Id. at 7). Plaintiff asserts that because Dr. Haar failed to prescribe him Vicodin or Ibuprofen, Plaintiff suffered a "deficiency of medical care," stemming from Dr. Haar's deliberate indifference to "Plaintiff's medical needs by fail[ing] to prescribe [] Plaintiff the effective pain-killer medication . . . ." (Id. at 7).

Similarly, Plaintiff asserts that Dr. Viggianelli also acted carelessly and was deliberately indifferent to Plaintiff's "serious medical care treatment needs." (TAC at 3, 15). Specifically, Plaintiff claims that Dr. Viggianelli was "aware [of] the substantial risk" of Plaintiff's hernia pains based on "Plaintiff's verbal complaint . . . and well document[ed] evidence[]," yet Dr. Viggianelli still failed to prescribe "the effective pain-killer medication." (Id. at 15). Plaintiff alleges that due to Dr. Viggianelli's denial of proper medical

1  care treatment, Dr. Viggianelli "seriously aggravated Plaintiff's
2  imminent [health] risk." (Id. at 15).

4      To the extent Plaintiff is attempting to claim that Dr. Haar and
5  Dr. Viggianelli were deliberately indifferent to Plaintiff's medical
6  needs at the CMC-East Medical Clinic, Plaintiff's allegations fail to
7  state a claim. (TAC at 3-4, 8-9, 15). Plaintiff asserts that
8  Defendants' medication choices represent deliberate indifference to his
9  medical needs. However, a defendant is liable for the denial or delay
10 of medical care for a prisoner's serious medical needs only when the
11 defendant is deliberately indifferent to the prisoner's known serious
12 medical needs. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).
13 The defendant must have "purposefully ignore[d] or fail[ed] to respond
14 to a prisoner's pain or possible medical needs in order for deliberate
15 indifference to be established." May v. Baldwin, 109 F.3d 557, 566 (9th
16 Cir. 1997) (internal quotation marks omitted). "A difference of opinion
17 between a prisoner-patient and prison medical authorities regarding
18 treatment does not give rise to a § 1983 claim." Franklin v. Or. State
19 Welfare Div., 662 F.2d 1337, 1344 (9th Cir. 1981).

21     The above allegations suggest that Dr. Haar and Dr. Viggianelli
22 (collectively the "Physician Defendants") made pain medication choices
23 that Plaintiff disagreed with. In a "Health Care Appeal Form" attached
24 to the Third Amended Complaint, Plaintiff stated that while physicians
25 "had ordering [sic] Ibupropen 500 MG," he was "requesting Dr. Haar to
26 upgrade his medication back to Vicodin." (TAC Exh. C at 23).
27 Plaintiff's allegations simply represent Plaintiff's disagreement with
28 the defendants' choice of medication.

1    To the extent that Plaintiff is alleging that the Physician
2    Defendants were deliberately indifferent to his medical needs because
3    they administered Naproxen instead of Vicodin, the Third Amended
4    Complaint reflects only a difference of opinion between Plaintiff and
5    the Physician Defendants.  These allegations fail to state an Eighth
6    Amendment claim.   Accordingly, this claim is dismissed, but leave to
7    amend is granted.

8

9    **B.   Plaintiff's Claim Against Officer Glaviz For Verbal Harassment**
10        **Must Be Dismissed For Failure To State A Claim**

11

12    Plaintiff alleges that Officer Glaviz "unlawful[ly] threaten[ed]
13    to caus[e] great bodily harm to Plaintiff's body . . . ." (TAC at 11).
14    Plaintiff did not allege any other conduct by Officer Glaviz beyond that
15    threat.  (See id. at 7-8).

16

17    To the extent that Plaintiff is attempting to allege a cause of
18    action based on "verbal harassment" and "abusive mistreatment,"
19    Plaintiff's allegations fail to state a claim.  (TAC at 3, 11-12).
20    Verbal harassment or abuse, without more, is insufficient to state a
21    constitutional violation under section 1983.  Oltarzewski v. Ruggiero,
22    830 F.2d 136, 139 (9th Cir. 1987).  Even when a plaintiff alleges the
23    threats were used to deny access to the courts, like the allegations
24    here, threats alone are insufficient to state a section 1983 claim.
25    Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (per curiam).

26

27    Because Plaintiff's allegations do not establish more than verbal
28    harassment or threats, he has failed to state a claim.  Therefore, any

1   claim of verbal harassment based on Officer Glaviz's alleged verbal

2   threat must be dismissed.

3

4   **C.   Plaintiff's Claims For Denial Of Access To The Courts Must Be**

5        **Dismissed For Failure To State A Claim**

6

7        The Third Amended Complaint asserts that Officer Glaviz and

8   Sergeant Floresky denied Plaintiff access to the law library.  Plaintiff

9   alleges that Sergeant Floresky conspired with Officer Glaviz to "den[y]

10  Plaintiff [] access [to] the law library [August 13, 2010]."  (TAC at

11  12).  Plaintiff further alleges that "prison officials don't have the

12  right[] to . . . refuse[] Plaintiff his . . . freedom to do his legal

13  work . . . ."  (Id.).

14

15       To the extent Plaintiff claims Officer Glaviz and Sergeant Floerky

16  denied him access to the law library, Plaintiff fails to state a claim.

17  (TAC at 3, 11-13).  As the Court instructed Plaintiff in dismissing his

18  original Complaint, First Amended Complaint, and Second Amended

19  Complaint, a prisoner does not have a "freestanding right" to a law

20  library or legal assistance.  Hebbe v. Pliler, 627 F.3d 338, 342 (9th

21  Cir. 2010) (citing Lewis v. Casey, 518 U.S. 343, 351, 116 S. Ct. 2174,

22  135 L. Ed. 2d 606 (1996)).  Law library access is relevant only as it

23  pertains to a prisoner's right to have a "reasonably adequate

24  opportunity to present claimed violations of constitutional rights to

25  the courts." Lewis, 518 at 350-51.  To state a valid claim for denial

26  of access to the courts, a plaintiff must allege an "actual injury."

27  Hebbe, 627 F.3d at 342.  To establish actual injury, the inmate must

28

1  demonstrate that official acts or omissions "hindered his efforts to
2  pursue a legal claim." (Id.) (internal quotation marks omitted).

4      Plaintiff's allegations still do not show an "actual injury."
5  Although Plaintiff claims that the incident caused him to experience a
6  rise in blood pressure and have an anxiety attack in his cell, he does
7  not allege that he was unable to present his claims to the court due to
8  the officers' actions. (Id.). Therefore, Plaintiff has not alleged an
9  "actual injury" and this claim must be dismissed. Plaintiff is again
10 strongly advised to omit claims against any defendant in any future
11 complaint for which Plaintiff cannot allege a factual basis for
12 liability.

14 **D.   Plaintiff's Claims For Retaliation Against Dr. Haar and Officer**
15      **Glaviz Must Be Dismissed For Failure To State A Claim**

17      Plaintiff claims that after he filed a California Department of
18 Corrections and Rehabilitation ("CDCR") grievance against Dr. Haar, Dr.
19 Haar took retaliatory action against Plaintiff, causing Plaintiff to
20 endure "a traumatic physical medical hardship." (TAC at 9-10).
21 Similarly, Plaintiff alleges that after an incident with Officer Glaviz,
22 Officer Glaviz took retaliatory action against Plaintiff by falsifying
23 "a 128 B-Chrono Report, an administrative action [that] could [have]
24 cost Plaintiff . . . his A1A privilege benefits." (Id. at 12).

26      To the extent Plaintiff asserts that Dr. Haar and Officer Glaviz
27 violated Plaintiff's constitutional rights by taking retaliatory action
28 against him, Plaintiff fails to state a claim. Retaliation against

10

1  prisoners for exercise of their right to file prison grievances is

2  itself a constitutional violation, and prohibited as a matter of

3  "clearly established law." Brodheim v. Cry, 584 F.3d 1262, 1269 (9th

4  Cir. 2009) (citing Rhodes v. Robinson, 408 F.3d 559, 566 (9th Cir.

5  2005); Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995)).

7      The five basic elements for a viable claim of First Amendment

8  retaliation are: "(1) [a]n assertion that a state actor took some

9  adverse action against an inmate (2) because of (3) that prisoner's

10  protected conduct, and that such action (4) chilled the inmate's

11  exercise of his First Amendment rights, and (5) the action did not

12  reasonably advance a legitimate correctional goal." Brodheim, 584 F.3d

13  at 1269 (citing Rhodes, 408 F.3d at 567-68). See also Barnett v.

14  Centoni, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam).

16      A plaintiff who fails to allege a chilling effect may still state

17  a claim if he alleges he suffered some other harm. Rhodes, 408 F.3d at

18  568 n. 11. In other words, no explicit, specific threat of harm need

19  be alleged. Brodheim, 584 F.3d at 1269-70. Rather, what must be

20  alleged is that the adverse action "would chill or silence a person of

21  ordinary firmness from future First Amendment activities." Rhodes, 408

22  F.3d at 568-69 (quoting Mendocino Enviro. Ctr. v. Mendocino County, 192

23  F.3d 1283, 1300 (9th Cir. 1999)(emphasis in original)).

25      Here, Plaintiff alleges that after he filed a CDCR grievance, Dr.

26  Haar, "unlawful[ly] confiscated Plaintiff's medical apparatus such as;

27  (1) walking cane, (2) hernia truss strap, (3) safety hearing impairment

28  vest, and (4) eliminate the medical cell-fed status. Which resulted in

a detrimental damage[] to Plaintiff's health condition . . . ."  (TAC at 9).  Plaintiff filed a grievance with the Department of Corrections and Rehabilitation.  The investigation revealed that Plaintiff's "confiscated" items:

> Were issued to [Plaintiff] at another institution and they were deemed not medically necessary upon [Plaintiff's] arrival to CMC.  A Disability Placement Program Verification (DDPV) form was completed which states that verification of claimed disability is not confirmed.  Physician notes in comments [Plaintiff] has had multiple exams and does not have any mobility impairment.

(TAC Exh. C at 26).  Similarly, Plaintiff claims Officer Glaviz retaliated against Plaintiff by falsifying a 128 B-Chrono Report.  (Id. at 12-13).  However, in his 128 B-Chrono Report, Officer Glaviz stated that while performing his duties as the East Library Security Officer, he noticed:

> [Plaintiff] had entered the Law Library on a CMC-East Special Pass and not a PLU Law Ducat.  Upon discovering this [Officer Glaviz] checked the CMC Master Ducat List along with the Law Ducat Request Form for [] 8/13/2010 and saw that [Plaintiff's] name was not on either form. [Officer Glaviz] then located [Plaintiff] and informed him that he was not allowed in the library because he did not have a Law Ducat and it was not his designated quad's time for library access. [Plaintiff] used the library on 8/9/10, 8/10/10, and 8/11/10

1       for a total of seven hours and five minutes – far exceeding

2       the allowed four hours per calendar week per CCR section

3       3123(b).   Upon hearing this [Plaintiff] became agitated,

4       raising his voice visibly disturbing other inmates utilizing

5       the library . . . [Plaintiff] said, "You are denying me my

6       library rights, I am going to 602 you."

7

8  (TAC Exh. D at 28).

9

10     The exhibits attached to Plaintiff's Third Amended Complaint

11  undermine his retaliation claims.  Furthermore, Plaintiff's confusing

12  allegations fail to specify the elements of a retaliation claim.

13  Accordingly, Plaintiff's retaliation claim must be dismissed, but leave

14  to amend is granted.

15

16  **E.**    **Discovery Of "Doe" Defendant**

17

18     In the Third Amended Complaint, Plaintiff fails to plead the full

19  names of CDCR Officer Glaviz and CDCR Sergeant Floerky.  (TAC at 3).

20  Plaintiff only names "Glaviz Doe" and "Floerky Doe" as Defendants.

21  (Id.).  Plaintiff is responsible for obtaining the full name of each

22  defendant named in the Fourth Amended Complaint.  Failure to obtain the

23  full name of each defendant named in the Fourth Amended Complaint will

24  result in dismissal of claims against the Doe defendants.

25

26     However, Plaintiff is entitled to conduct discovery in order to

27  obtain this information.  See Wakefield v. Thompson, 177 F.3d 1160, 1163

28  (9th Cir. 1999) ("[W]here the identity of the alleged defendant is not

1  known prior to the filing of a complaint, the plaintiff should be given

2  an opportunity through discovery to identify the unknown defendants,

3  unless it is clear that discovery would not uncover the identities, or

4  that the complaint would be dismissed on other grounds.") (alterations

5  omitted) (quoting <u>Gillespie v. Civiletti</u>, 629 F.2d 637, 642 (9th Cir.

6  1980)).

8      Accordingly, if Plaintiff does not know the full name of defendants

9  "Glaviz Doe" and "Floersky Doe," Plaintiff must promptly pursue

10  discovery by serving written interrogatories on the California

11  Rehabilitation Center in San Luis Obispo, California to determine the

12  name of said defendants. **Plaintiff's discovery shall be served pursuant**

13  **to Federal Rule of Civil Procedure 31, a copy of which is attached to**

14  **this Order.** Plaintiff must limit the scope of any discovery request to

15  identifying the full name of Doe defendants, referred to as "Glaviz Doe"

16  and "Floresky Doe" in the Third Amended Complaint.

18  **F.   The Third Amended Complaint Fails To Satisfy Federal Rule of Civil**

19  **    Procedure 8**

21      Federal Rule of Civil Procedure 8(a)(2) requires that a complaint

22  contain "'a short and plain statement of the claim showing that the

23  pleader is entitled to relief,' in order to 'give the defendant fair

24  notice of what the . . . claim is and the grounds upon which it rests.'"

25  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555, 127 S. Ct. 1955, 167

26  L. Ed. 2d 929 (2007). Rule 8(e)(1) instructs that "[e]ach averment of

27  a pleading shall be simple, concise, and direct." A complaint violates

28  Rule 8 if a defendant would have difficulty understanding and responding

1  to the complaint.  <u>Cafasso, U.S. ex rel. v. General Dynamics C4 Systems,</u>
2  <u>Inc.</u>, 637 F.3d 1047, 1059 (9th Cir. 2011).

4      The Third Amended Complaint does not comply with the standards of
5  Rule 8.  It is confusing, verbose and nonsensical in parts.
6  Furthermore, certain allegations in the Third Amended Complaint are
7  completely incomprehensible and thus do not give Defendants fair notice
8  of the claims as required by Rule 8.  For example, Plaintiff states that
9  "Plaintiff already disable and in the state of debilitate health
10 condition, of suffering a traumatic emotion distress . . . . Thereby
11 this incident of event [allegations of verbal harassment by Officer
12 Glaviz], causing Plaintiff's to suffering the recurrence flashback of
13 imminent injuries by the use of excessive force and man-handling you
14 back into your cell."  (<u>Id.</u> at 11).  The Court cannot decipher whether
15 Plaintiff is alleging a separate cause of action against Officer Glaviz
16 for excessive force, what acts Plaintiff alleges Officer Glaviz
17 committed or why Plaintiff believes these acts constitute the basis of
18 a civil rights claim.  (<u>Id.</u>).

20     In sum, Plaintiff's claims fail to clearly identify the specific
21 ground for each of Plaintiff's claims and the incident giving rise to
22 those claims.  The Third Amended Complaint therefore fails to provide
23 Defendants with fair notice of the claims in a short, clear and concise
24 statement.  <u>See</u> <u>Twombly</u>, 550 U.S. at 555.  Accordingly, the Third
25 Amended Complaint is dismissed with leave to amend to allow Plaintiff
26 to correct this deficiency.  Plaintiff is strongly encouraged to utilize
27 the civil rights complaint form, which is attached to this Order, for
28 any future complaint.  Plaintiff is further encouraged to limit his

1  allegations to only those facts that are truly necessary to the claim.

2  Immaterial or extraneous facts, as well as legal argument, are not

3  required under Federal Rule of Civil Procedure 8.

4

5                                    **IV.**

6                                **CONCLUSION**

7

8       For the reasons stated above, Plaintiff's Third Amended Complaint

9  is dismissed with leave to amend.  If Plaintiff still wishes to pursue

10 this action, he is granted **forty-five (45) days** from the date of this

11 Memorandum and Order within which to file a Fourth Amended

12 Complaint.  The Court is granting Plaintiff sufficient time to serve

13 interrogatories, obtain the names of the Doe defendants and file a

14 Fourth Amended Complaint. However, Plaintiff must act promptly in order

15 to obtain discovery answers in time to file his amended complaint.

16

17      In any amended complaint, the Plaintiff shall cure the defects

18 described above.  The Fourth Amended Complaint, if any, shall be

19 complete in itself and shall bear both the designation "Fourth Amended

20 Complaint" and the case number assigned to this action.  It shall not

21 refer in any manner to any previously filed complaint in this matter.

22

23      In any amended complaint, Plaintiff should confine his allegations

24 to those operative facts supporting each of his claims.  Plaintiff is

25 advised that pursuant to Federal Rule of Civil Procedure 8(a), all that

26 is required is a "short and plain statement of the claim showing that

27 the pleader is entitled to relief." **Plaintiff is strongly encouraged**

28 **to utilize the standard civil rights complaint form when filing any**

**amended complaint, <u>a copy of which is attached</u>.**   In any amended complaint, Plaintiff should make clear what specific factual allegations give rise to his claims.  Plaintiff is strongly encouraged to keep his statements concise and to omit irrelevant details.  It is not necessary for Plaintiff to cite case law or include legal argument.  **Plaintiff is advised to omit any claims for which he lacks a sufficient factual basis.**

**Plaintiff is explicitly cautioned that failure to timely file a Fourth Amended Complaint will result in a recommendation that this action be dismissed with prejudice for failure to prosecute and obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).  <u>The Court has afforded Plaintiff ample opportunity to correct the deficiencies described above.  As such, the Court forewarns Plaintiff that if he fails to correct the identified deficiencies in the Fourth Amended Complaint, the Court will issue a Report and Recommendation, recommending that certain claims be dismissed with prejudice and certain Defendants be dismissed pursuant to Federal Rule of Civil Procedure 41(b)</u>.**

\\
\\
\\
\\
\\
\\
\\

     Plaintiff is further advised that if he no longer wishes to pursue

17

1  this action, he may voluntarily dismiss it by filing a Notice of

2  Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1).

3  A form Notice of Dismissal is attached for Plaintiff's convenience.

4

5  DATED: October 19, 2011

6                                    _____/S/_____

7                                    SUZANNE H. SEGAL
                                     UNITED STATES MAGISTRATE JUDGE

18