**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HOANG MINH TRAN,<br><br>        Plaintiff,<br><br>    v.<br><br>J. HAAR, ET AL.,<br><br>        Defendants. | NO. CV 10-07740 CJC (SS)<br><br>**MEMORANDUM AND ORDER DISMISSING**<br><br>**FOURTH AMENDED COMPLAINT WITH**<br><br>**LEAVE TO AMEND** |

**I.**

**INTRODUCTION**

On October 25, 2010, plaintiff Hoang Minh Tran ("Plaintiff"), a California state prisoner proceeding pro se, filed a Civil Rights Complaint pursuant to 42 U.S.C. § 1983. The Court subsequently dismissed the original Complaint, the First Amended Complaint, the Second Amended Complaint, and the Third Amended Complaint with leave to amend due to various deficiencies in pleading.[1] On December 7, 2011,

---

[1] Magistrate judges may dismiss a complaint with leave to amend without approval of the district judge. McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

Plaintiff filed a Fourth Amended Complaint (the "4AC").[2]  Because the Fourth Amended Complaint also suffers from pleading deficiencies, it too must be dismissed with leave to amend.

Congress mandates that district courts perform an initial screening of complaints in civil actions where a prisoner seeks redress from a governmental entity or employee.  28 U.S.C. § 1915A(a).  This Court may dismiss such a complaint, or any portions thereof, before service of process if it concludes that the complaint (1) is frivolous or malicious, (2) fails to state a claim upon which relief can be granted, or (3) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1-2); see also Lopez v. Smith, 203 F.3d 1122, 1126-27 & n.7 (9th Cir. 2000) (en banc).

## II.

### ALLEGATIONS OF THE FOURTH AMENDED COMPLAINT

Plaintiff alleges that two physicians at the California Men's Colony-East ("CMC") violated his civil rights: (1) Dr. J. Haar, M.D. ("Dr. Haar"); and (2) Dr. M. Viggianelli, M.D. ("Dr. Viggianelli") (collectively, "Defendants").  (4AC at 3).  Plaintiff sues both Defendants in their individual capacities.  (Id.).

While Plaintiff's claims are often confusingly intertwined, they appear to focus primarily on allegations of deliberate indifference to

---

[2] The Court will cite to the Fourth Amended Complaint and its accompanying exhibits as though they formed a single, consecutively paginated document.

Plaintiff's serious medical needs and retaliation for Plaintiff's exercise of his First Amendment rights by filing a prison grievance. (See id. at 8-18). It is unclear whether Plaintiff is also attempting to allege tort claims. (See, e.g., id. at 9) (claiming violations of California Government Code section 845.6).

In Claim One, Plaintiff alleges that Dr. Haar was deliberately indifferent to his medical needs following his February 2, 2009 hernia operation and subsequent transfer on April 6, 2010 to CMC from the RJ Donovan Correctional Facility ("RJD"). (Id. at 4, 8-9). According to Plaintiff, Dr. Haar was "responsible for making sure [Plaintiff] received the appropriate medical treatment [at CMC] for his assaulted [sic] post-operative hernia injuries." (Id. at 8). Even though Dr. Haar "knew the seriousness of Plaintiff's painful ordeal," he refused to prescribe "effective medicine," such as Vicodin 500 MG, to manage Plaintiff's pain, and instead prescribed "ineffective pills such as Ibuprofen and Naproxen 500 MG." (Id. at 5). Dr. Haar allegedly also failed to "reference [sic] [Plaintiff] to a hernia specialist doctor," (id. at 6), despite, according to Plaintiff, having indicated that he would do so during Plaintiff's initial appointment on April 20, 2010. (See id. at 14; id., Exh. 3, at 42).[3] As a result of Dr. Haar's allegedly ineffective care, Plaintiff suffered "intense physical harsh burning pains and psychological injured [sic] for over two hundred

---

[3] The "focus of any Rule 12(b)(6) dismissal . . . is the complaint." Schneider v. Cal. Dep't of Corrs., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). However, "[w]hen a plaintiff has attached various exhibits to the complaint, those exhibits may be considered in determining whether dismissal [i]s proper . . . ." Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).

days." (Id. at 5). Plaintiff asserts that in addition to violating his Eighth Amendment rights, Dr. Haar violated California Government Code section 845.6, which requires public employees to take reasonable action when they know a prisoner is in need of immediate medical care. (Id. at 8-9).

Plaintiff also alleges that Dr. Haar retaliated against him in violation of his First Amendment rights after Plaintiff filed "CDCR H/C 602 appeal grievance complaints" about his medical care.[4] (Id. at 10). In the grievances, Plaintiff complained that the medications Dr. Haar prescribed were ineffective, (id., Exh. 3, at 42, 44), and that Dr. Haar "mock[ed] Plaintiff's condition" in front of hospital staff, causing Plaintiff to suffer "humiliation, discrimination, and embrassment [sic]." (Id. at 8). Plaintiff claims that Dr. Haar refused to timely respond to the grievances and instead retaliated by confiscating Plaintiff's cane, hernia support truss strap, and hearing impairment vest, which had been issued to Plaintiff "by the [RJD] staff to help him deal with his ongoing or constant pains," (id. at 10 fn.2), and by revoking Plaintiff's "medical cell-fed status." (Id. at 10). As a result, Plaintiff had difficulty walking to the dining hall before

---

[4] While the chronology of events as alleged is unclear, exhibits attached to the Fourth Amended Complaint include: (1) a grievance dated June 18, 2010, alleging that the pain medication Dr. Haar prescribed was not effective, (4AC, Exh. 3, at 42); (2) a response to an appeal that had apparently been filed on July 20, 2010, indicating that in addition to requesting stronger pain medication, Plaintiff complained that Dr. Haar acted unprofessionally by mocking him in front of staff, (id. at 44); and (3) an accommodation request dated August 20, 2010, complaining that Dr. Haar improperly confiscated Plaintiff's cane, abdominal support binder and hearing impairment yellow jacket. (Id. at 43).

4

mealtimes ended and often needed other prisoners to carry him to arrive in time to eat. (Id. at 11).

In Claim Three,[5] Plaintiff alleges that Dr. Viggianelli was deliberately indifferent to his medical needs and covered up Dr. Haar's misconduct by preparing a false report. (Id. at 16-17). Dr. Viggianelli examined Plaintiff on September 22, 2010 in response to his August 20, 2010 complaint concerning the confiscation of his medical devices. (Id., Exh. 6, at 52). Plaintiff alleges that "Dr. Viggianeilli [sic] was supposed to taking a corrective role or in position to override or overrule Haar careless and blantantly [sic] decision that was consequently caused Plaintiff's condition to aggravated [sic] . . . ." (Id. at 16). Dr. Viggianelli "knew the serious chronic medical deficiency that Plaintiff was in," including "harsh burning pains," and Plaintiff pleaded with him to return the medical devices taken by Dr. Haar. (Id.). Dr. Viggianelli "covered up" Dr. Haar's misconduct by filing a Disability Placement Program Verification ("DPPV") form falsely stating that Plaintiff did not have any mobility impairment and that the medical devices issued to him at RJD were not medically necessary upon his arrival at CMC. (Id. at 6; see also id., Exh. 6 at 52). According to Plaintiff, in addition to violating his Eighth Amendment rights, Dr. Viggianelli violated California Code of Regulations, title 15,

---

[5] Under the heading "Claim II," Plaintiff requests the Court to "dismiss" the allegations against M. Glaviz and Doe Floresky, presumably from Claim II of the Third Amended Complaint, because he fears retaliation should those claims proceed. (4AC at 15). Plaintiff is reminded that an amended complaint supersedes all previously-filed complaints and therefore should not refer to any previously-filed complaint because it is complete in itself. Because no claims are raised against Glaviz and Floresky in the Fourth Amended Complaint, there is nothing for the Court to "dismiss."

section 3084.6, which sets forth the permissible criteria for rejecting an inmate's administrative appeal. (Id. at 17).

Plaintiff seeks $150,000.00 in compensatory damages, $350,000.00 in general damages, and $50,000.00 in special damages, as well as attorney's fees and costs. (Id. at 19). Plaintiff also requests injunctive relief, asking the Court to "prevent Defendants, form [sic] working in public services institutional in place [sic] to safeguard the next innocent prisoner victim similar misconduct to this civil action . . . ." (Id.).

## III.

## DISCUSSION

Under 28 U.S.C. § 1915A(b), the Court must dismiss Plaintiff's Fourth Amended Complaint due to defects in pleading. Pro se litigants in civil rights cases, however, must be given leave to amend their complaints unless it is absolutely clear that the deficiencies cannot be cured by amendment. See Lopez, 203 F.3d at 1128-29. Accordingly, the Court grants Plaintiff leave to amend, as indicated below.

**A.   Plaintiff's Claims For Deliberate Indifference To Medical Needs Must Be Dismissed For Failure To State A Claim**

Plaintiff alleges that Dr. Haar was deliberately indifferent to his serious medical needs because even though Dr. Haar knew that Plaintiff was in continuous pain following his hernia operation, he refused to prescribe "effective medicine" such as "Vicodin 500 MG or better" and

instead prescribed "ineffective pills such as Ibuprofen and Naproxen 500 MG." (4AC at 5). Plaintiff further alleges that Dr. Haar was deliberately indifferent because Dr. Haar did not refer him to a "hernia specialist doctor," (id. at 6), even though he said that he would do so during Plaintiff's first appointment with him in April 2010. (Id. at 14; see also id., Exh. 3, at 42).

Plaintiff alleges that Dr. Viggianelli was deliberately indifferent to his serious medical needs because even though Dr. Viggianelli examined Plaintiff as part of the review of an administrative appeal, he refused to prescribe stronger pain medication or re-issue the medical devices taken from Plaintiff by Dr. Haar. (Id. at 16-17). According to Plaintiff, Dr. Viggianelli's deliberate indifference is further evidenced by his filing a Health Unit Report with "false" information concerning his condition. (Id. at 16; see also id., Exh. 6, at 52).

Plaintiff's allegations concerning Defendants' refusal to prescribe stronger, "effective medication," to manage his pain fail to state a claim for deliberate indifference. As this Court has repeatedly explained, a plaintiff must allege that the defendant "purposefully ignore[d] or fail[ed] to respond to a prisoner's pain or possible medical needs in order for deliberate indifference to be established." May v. Baldwin, 109 F.3d 557, 566 (9th Cir. 1997) (internal quotation marks omitted). "[T]here must be a conscious disregard of a serious risk of harm for deliberate indifference to exist." Toguchi v. Chung, 391 F.3d 1051, 1059 (9th Cir. 2004) (emphasis in original). "A difference of opinion between a prisoner-patient and prison medical

authorities regarding treatment does not give rise to a § 1983 claim." <u>Franklin v. Or. State Welfare Div.</u>, 662 F.2d 1337, 1344 (9th Cir. 1981).

Plaintiff does not allege that Defendants refused to prescribe any pain medication, but claims that the medication that was prescribed was not effective. (4AC at 6). However, Dr. Haar apparently did not believe that Plaintiff's pain was as severe as Plaintiff alleged. Plaintiff complained in an appeal that Dr. Haar said, "you are putting on the show for your pain!" (<u>Id.</u>, Exh. 3, at 44). Similarly, Dr. Viggianelli reported after his medical examination that "verification of [Plaintiff's] claimed disability is not confirmed." (<u>Id.</u>, Exh. 6, at 52). Rather than establish that Defendants exhibited a <u>conscious</u> disregard for Plaintiff's medical needs, the Fourth Amended Complaint reflects only a difference of opinion between Plaintiff and Defendants as to the proper medication necessary to relieve Plaintiff's pain. These allegations fail to state an Eighth Amendment claim.

Plaintiff's contention that he should have been referred to a "hernia specialist doctor" similarly fails to show that Dr. Haar was deliberately indifferent to his medical needs, even if Dr. Haar told Plaintiff during his first appointment that he would send Plaintiff to a specialist. (<u>Id.</u> at 6, 14). The Fourth Amended Complaint does not allege facts showing that a specialist was necessary or would have altered Plaintiff's treatment, or that Defendants were consciously aware of Plaintiff's "need" to see a specialist and deliberately chose to ignore that need. Indeed, while Plaintiff states that his treatment improved after his matter was transferred to other physicians, he does

not identify any of these physicians as "hernia specialists." (See, e.g., id. at 17). Plaintiff has failed to show how the failure to refer him to a specialist violated the Eighth Amendment.

The allegations concerning Dr. Viggianelli's refusal to restore Plaintiff's medical devices and filing a "false" DPPV report similarly do not support a claim for deliberate indifference. The DPPV report indicated that Plaintiff "has had multiple exams and does not have any mobility impairment," and therefore a cane and hernia truss were not medically necessary. (Id., Exh. 6, at 52). The report also noted that because Plaintiff had hearing aids, he did not require a hearing impaired vest per prison policy. (Id.). These allegations fail to establish that Dr. Viggianelli consciously ignored Plaintiff's serious medical needs. Although Plaintiff alleges that because he was deprived of these medical devices, his "health did not improve," he had to "hobble[] and limp[]" to the dining hall, and he suffered "substantial collateral damages" to his hernia injuries, Plaintiff has not established that Dr. Viggianelli's medical assessment of his condition was made with conscious disregard to his medical needs, even if Dr. Viggianelli's diagnosis as reflected in the report was wrong.

In addition, the fact that other physicians "restored" Plaintiff's cane and hernia truss and prescribed different pain medications does not establish that Defendants were deliberately indifferent. (Id. at 6, 17). A "difference of medical opinion as to the need to pursue one course of treatment over another" is insufficient to establish deliberate indifference unless "the course of treatment the doctors chose was medically unacceptable under the circumstances" and chosen "in

1 conscious disregard of an excessive risk to plaintiff's health."
2 Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996). Here, Plaintiff
3 has at most alleged a potential difference in medical opinion between
4 Defendants, who treated Plaintiff between April and November 2010, and
5 physicians who treated him after December 2010. This is insufficient
6 to show an Eighth Amendment violation.

8     Accordingly, Plaintiff's claims of deliberate indifference are
9 dismissed with leave to amend.

11 **B.**    **Plaintiff's Claim For Retaliation Must Be Dismissed For Failure To**
12       **State A Claim**

14     Plaintiff alleges that Dr. Haar delayed responding to the
15 grievances and appeals that Plaintiff filed relating to his medical
16 care. (4AC at 10). Instead, Dr. Haar "retaliated" against Plaintiff
17 for filing these grievances by mocking him in front of hospital staff,
18 by confiscating his cane, hernia support truss, and hearing impairment
19 vest, and by revoking his medical cell-fed status. (Id. at 10). As a
20 result, Plaintiff claims he suffered "humiliation, discrimination, and
21 embrassment [sic]," (id. at 8), and had difficulty walking to the dining
22 hall before mealtimes ended without assistance. (Id. at 11).

24     It is unclear whether Plaintiff is contending that Dr. Haar's delay
25 in responding to his grievances violated his civil rights. However, a
26 defendant's mere delay in responding to a prisoner's grievance does not
27 support a section 1983 claim because an inmate does not have a right to
28 any particular grievance procedure or result. See, e.g., Ramirez v.

Galaza, 334 F.3d 850, 860 (9th Cir. 2003) ("[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure."); Geiger v. Jowers, 404 F.3d 371, 374 (5th Cir. 2005) (holding that an inmate "does not have a federally protected liberty interest in having . . . grievances resolved to his satisfaction").

It is equally unclear whether Plaintiff contends that Dr. Haar's mocking of his condition in front of hospital staff violated his civil rights. However, the humiliation and embarrassment that may have resulted from this conduct are, by themselves, insufficient to state a civil rights violation. Under the Prison Litigation Reform Act ("PLRA"), "[n]o Federal civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Plaintiff does not allege that Dr. Haar's mocking caused a physical injury. Therefore, any emotional injury Plaintiff may have suffered as a result of that behavior does not state a claim under section 1983. See Canosa v. State of Haw., 2007 WL 128849, at *8 (D. Haw. Jan. 11, 2007) ("[A] prisoner's § 1983 claim for mental or emotional injury on an alleged Eighth Amendment violation requires an actual injury.").

Accordingly, to the extent that Plaintiff's retaliation claim is based on complaints of delay or humiliation, it must be dismissed with leave to amend.

**C.     If Plaintiff Is Attempting To State A Tort Claim, He Must Allege Exhaustion Of Administrative Remedies**

It is unclear whether Plaintiff's allegations concerning alleged violations of California Government Code section 845.6, (4AC at 9), which requires public employees to take reasonable action when they know a prisoner is in need of immediate medical care, or his complaints of humiliation and embarrassment following Dr. Haar's public mocking of his condition, (id. at 8), are attempts to state a tort claim. However, to the extent that Plaintiff wishes to assert a tort claim, he must allege compliance with the presentation requirements of the California Tort Claims Act. Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995); Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988). The California Tort Claims Act requires that tort claims against state employees be presented to the California Victim Compensation and Government Claims Board no more than six months after the cause of action accrues. See Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2. Presentation of a written claim, and action on or rejection of the claim, are conditions precedent to filing a lawsuit and must be pleaded in the complaint. Mangold, 67 F.3d at 1477.

The Complaint does not allege that Plaintiff complied with the California Tort Claims Act. Accordingly, to the extent that Plaintiff's allegations can be construed as an attempt to allege state law tort claims, such claims are defective and must be dismissed with leave to amend.

**D.   The Fourth Amended Complaint Fails To Satisfy Federal Rule of Civil Procedure 8**

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Rule 8(e)(1) instructs that "[e]ach averment of a pleading shall be simple, concise, and direct." A complaint violates Rule 8 if a defendant would have difficulty understanding and responding to the complaint. Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc., 637 F.3d 1047, 1059 (9th Cir. 2011).

The Fourth Amended Complaint does not comply with the standards of Rule 8. It is confusing, verbose and sometimes incomprehensible. For example, Plaintiff does not explain how Dr. Viggianelli violated California Code of Regulations, title 15, section 3084.6, which sets forth the criteria for rejecting an inmate's appeal, or how any such violation is relevant to Plaintiff's claims. (4AC at 17). Plaintiff mixes irrelevant facts and allegations without clearly identifying the nature of each of his claims (e.g., deliberate indifference, retaliation, etc.), the particular Defendant against whom the claim is raised, and the specific factual allegations giving rise to the claim. Because the Fourth Amended Complaint fails to provide Defendants with fair notice of the claims in a short, clear and concise statement, it would be impossible for a Defendant to answer the allegations in the Fourth Amended Complaint. See Twombly, 550 U.S. at 555.

Accordingly, the Fourth Amended Complaint is dismissed with leave to amend. Plaintiff is encouraged to limit his allegations in any future amended complaint to only those facts that are truly necessary to each claim. Immaterial or extraneous facts, as well as legal argument, are not required under Federal Rule of Civil Procedure 8. Plaintiff is further cautioned to name as Defendants only those individuals against whom specific claims are raised.

## IV.
## CONCLUSION

For the reasons stated above, Plaintiff's Fourth Amended Complaint is dismissed with leave to amend. If Plaintiff still wishes to pursue this action, he is granted **thirty (30) days** from the date of this Memorandum and Order within which to file a Fifth Amended Complaint. In any amended complaint, the Plaintiff shall cure the defects described above. The Fifth Amended Complaint, if any, shall be complete in itself and shall bear both the designation "Fifth Amended Complaint" and the case number assigned to this action. <u>It shall not refer in any manner to any previously filed complaint in this matter.</u>

In any amended complaint, Plaintiff should confine his allegations to those operative facts supporting each of his claims. Plaintiff is advised that pursuant to Federal Rule of Civil Procedure 8(a), all that is required is a "short and plain statement of the claim showing that the pleader is entitled to relief." **Plaintiff is strongly encouraged to utilize the standard civil rights complaint form when filing any amended complaint, <u>a copy of which is attached</u>**. In any amended

complaint, Plaintiff should make clear for each separate claim (1) the nature of the claim, (2) the specific Defendant(s) against whom the claim is asserted, and (3) the specific factual allegations that give rise to the claim. Plaintiff is strongly encouraged to keep his statements concise and to omit irrelevant details. It is not necessary for Plaintiff to cite case law or include legal argument. Plaintiff is advised to omit any claims for which he lacks a sufficient factual basis.

**Plaintiff is explicitly cautioned that failure to timely file a Fifth Amended Complaint will result in a recommendation that this action be dismissed with prejudice for failure to prosecute and obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).** <u>**The Court has afforded Plaintiff ample opportunity to correct the deficiencies described above.**</u> **As such, the Court forewarns Plaintiff that if he** <u>**fails to correct the identified deficiencies in the Fifth Amended Complaint, the Court will issue a Report and Recommendation recommending that certain claims be dismissed with prejudice and certain Defendants be dismissed pursuant to Federal Rule of Civil Procedure 41(b)**</u>.

Plaintiff is further advised that if he no longer wishes to pursue this action, he may voluntarily dismiss it by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1). <u>**A form Notice of Dismissal is attached for Plaintiff's convenience**</u>.

DATED: January 9, 2012

```
      /S/
SUZANNE H. SEGAL
UNITED STATES MAGISTRATE JUDGE
```